## SEABOARD MARINE REPAIR CO., Inc. v. CARDILLO et al.

### No. 181, Docket 20904.

Circuit Court of Appeals, Second Circuit.

March 4, 1948.

432

Paul Koch, of New York City, for plaintiff-appellant.

Charles L. Cusumano, of New York City, for defendant-appellee Parks.

Before L. HAND, SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Seaboard does not contend (nor could it successfully) that Cardillo had less power than Lowe would have had to modify the order of April 11, 1946. Nor does it contend the evidence does not amply support Cardillo's findings or that the findings do not sustain the award. Seaboard's contention runs thus: The question whether Seaboard had timely notice is jurisdictional and therefore one of "law"; a question of "law" with respect to a compensation award can be judicially reviewed solely by court proceedings under § 921; therefore, the attempted administrative modification of the April 11, 1946 order was invalid and that order now stands unmodified.

We think this contention untenable. We assume, arguendo, that the doctrine of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598, is still intact. But that doctrine strictly limits the category of jurisdictional questions. We think that category does not include the question of notice.[1]

As Park's application for modification was made within the one-year period provided by § 922, our decision disposes of the case. We therefore not only affirm the denial of the temporary injunction but also remand with directions to dismiss the complaint.

---

[1] See Chicago Coal & Dock Co. v. Bassett, 7 Cir., 104 F.2d 522, 525, affirmed 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732.